# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| GERRY WILLIAMS,<br><br>                Plaintiff,<br>vs.<br>C/O DIAZ,<br><br>                Defendant. | CASE NO. 03cv634-WQH-PCL<br><br>ORDER |

HAYES, Judge:

The matter before the Court is the motion to review the Order Taxing Costs, filed by Plaintiff, a state prisoner proceeding pro se and *in forma pauperis*. (Doc. # 237).

## BACKGROUND

On March 5, 2007, based upon a jury verdict returned on February 28, 2007, the Court entered Judgment in favor of Defendant and against Plaintiff. (Doc. # 222).

On March 19, 2007, Defendant filed a Notice of Application to Clerk to Tax Costs. (Doc. # 223).

On March 22, 2007, Plaintiff filed a Notice of Appeal of the Judgment. (Doc. # 225).

On August 20, 2009, the Court of Appeals for the Ninth Circuit issued a mandate affirming the Judgment of this Court. (Doc. # 234).

On September 24, 2009, the Clerk of the Court issued the Order Taxing Costs in favor of Defendant in the amount of $4,509.18. (Doc. # 235). The Order Taxing Costs states: "Counsels' attention is called to Local Rule 54.1.h which provides in part that a motion to re-tax by any party, in accordance with Rule 54(d), F.R.Civ.P. and Local Rule 7.1, shall be

1  served and filed within five (5) days after receipt of the Order Taxing Costs." (Doc. # 235 at
2  2). The docket reflects that a copy of the Order Taxing Costs was served on Plaintiff via U.S.
3  Mail.
4      On February 22, 2010, the Court received a letter from Plaintiff. (Doc. # 237). In the
5  letter, Plaintiff states:

> I am requesting that the 'Bill of Cost' be denied ... because I am an indigent prisoner and cannot afford to pay the 'Bill of Cost' and 'Federal Filing Fees.' ... Everytime my family and friends send me money for hygiene[] and canteen the Prison Inmate Trust Account Office takes all of it for the 'Bill of Cost' and 'Federal Filing Fees.' Would you please refuse and deny the 'Bill of Cost' as I cannot afford it.

(Doc. # 237 at 1).

    On March 9, 2010, the Court issued an Order stating that Plaintiff's February 22, 2010 letter is construed as a motion to review the Order Taxing Costs. (Doc. # 238).

    On March 22, 2010, Defendant filed an opposition to the Plaintiff's motion to review the Order Taxing Costs. (Doc. # 239). Defendant contends:

> Williams' motion is untimely. He has waived any ability to contest the award of costs in this case. Williams has a long, protracted history of prisoner civil rights litigation. The costs awarded in this case represent only a small fraction of the expenses California taxpayers have borne to respond to Williams' many lawsuits, and that fact, regardless of his indigency, warrants keeping the cost award in place. Williams is gaming the courts, and did not disclose to this Court his recent $10,000 settlement, which is the real money he is seeking to protect from the costs and fees he has incurred from his litigation over the years.

(Doc. # 239 at 5). Defendant attached a copy of a settlement agreement related to a prisoner civil rights case in the United States District Court for the Northern District of California, *Williams v. Ross*, Case No. C04-2409. (Doc. # 239, Ex. 1). The settlement agreement, signed by the defendants in the Northern District action on February 17 and 18, 2010, and signed by Plaintiff Gerry Williams on March 18, 2010, provides that the California Department of Corrections and Rehabilitation shall pay Plaintiff $10,000 in exchange for Plaintiff voluntarily dismissing the Northern District action with prejudice. Defendant also attached copies of the docket sheets from six prisoner civil rights cases filed by Plaintiff in California federal district courts. (Doc. # 239, Exs. A-F).

    On April 30, 2010, Plaintiff filed a reply in support of his motion to review the Order

1 Taxing Costs.  (Doc. # 242).  Plaintiff contends that his February 22, 2010 motion was timely because Plaintiff did not receive notice of the Order Taxing Costs until January 10, 2010.  (Doc. # 242 at 1-2).  Plaintiff contends that "each of the civil claims Plaintiff filed in the pas[t] and present are meritorious," although in the present case, "Plaintiff just didn't have the skills and experience to prove his case."  (Doc. # 242 at 2-3).  Plaintiff contends that he did not inform the Court of the settlement in his motion to review the Order Taxing Costs because he had not agreed to settle the *Williams v. Ross* action at the time he received notice of the Order Taxing Costs.  (Doc. # 242 at 3).

## DISCUSSION

The *in forma pauperis* statute provides: "Judgment may be rendered for costs at the conclusion of the suit or action as in other proceedings....  If the judgment against a prisoner includes the payment of costs..., the prisoner shall be required to pay the full amount of the costs ordered."  28 U.S.C. § 1915(f)(1)-(2)(A).  Federal Rule of Civil Procedure 54 provides that, "[u]nless ... a court order provides otherwise, costs ... should be allowed to the prevailing party....  The clerk may tax costs on 14 days' notice.  On motion served within the next 7 days, the court may review the clerk's action."  Fed. R. Civ. P. 54(d)(1); *see also* S.D. Cal. L.R. 54.1(h) (same).  Rule 54 "creates a presumption in favor of awarding costs to a prevailing party, but vests in the district court discretion to refuse to award costs."  *Ass'n of Mexican-American Educators v. California*, 231 F.3d 572, 591 (9th Cir. 2000) (en banc).  A court may consider "the losing party's limited financial resources," "misconduct on the part of the prevailing party," and any "'chilling effect of imposing ... high costs on future civil rights litigants.'"  *Id*. at 592 (quoting *Stanley v. Univ. of S. Cal.*, 178 F.3d 1069, 1079-80 (9th Cir. 1999)).  "[I]t is incumbent upon the losing party to demonstrate why the costs should not be awarded."  *Stanley*, 178 F.3d at 1079 (citation omitted).

Plaintiff filed the motion to review the Order Taxing Costs almost five months after a copy of the Order Taxing Costs was served on Plaintiff.  Accepting Plaintiff's representation that he did not receive notice of the Order Taxing Costs until January 10, 2010, Plaintiff did not file his motion to review the Order Taxing Costs until 43 days later.  The Court finds that

1  Plaintiff has waived the right to challenge the Order Taxing Costs by failing to timely file an
2  objection after receiving notice of the Order. *See* Fed. R. Civ. P. 54(d)(1) ("On motion served
3  within the next 7 days, the court may review the clerk's action."); *Walker v. California*, 200
4  F.3d 624, 626 (9th Cir. 1999) ("[W]e hold that a party may demand judicial review of a cost
5  award only if such party has filed a proper motion within the ... period specified in Rule
6  54(d)(1)."); *King v. Atiyeh*, 814 F.2d 565, 567 (9th Cir. 1987) ("Pro se litigants must follow
7  the same rules of procedure that govern other litigants.").

8  Even if Plaintiff had timely filed his motion to review the Order Taxing Costs, the
9  motion would have been denied on the merits. Plaintiff has not demonstrated misconduct on
10 the part of Defendant, or that costs of $4,509.18 would have a chilling effect on future civil
11 rights litigants. *Compare Save Our Valley v. Sound Transit*, 335 F.3d 932, 946 (9th Cir. 2003)
12 (costs of $5,310.55 is a "relatively small sum"), *with Ass'n of Mexican-American Educators*,
13 231 F.3d at 593 (affirming the district court's denial of $216,443.67 in costs to a prevailing
14 defendant because the "extraordinarily high" costs "might have the regrettable effect of
15 discouraging potential [civil rights] plaintiffs"). Plaintiff has not refuted the evidence that he
16 will be receiving a settlement of $10,000. Even without considering the $10,000 settlement,
17 Plaintiff has not demonstrated that the Order Taxing Costs will render him without means to
18 provide for his basic needs. *Cf.* 28 U.S.C. § 1915(f)(2)(B) (providing for payment of costs by
19 installments as described under § 1915(b)(2)); *Player v. Salas*, No. 04cv1761, 2007 WL
20 4250015, at *2 (S.D. Cal., Nov. 30, 2007) (in light of the provision of § 1915 for installment
21 payments, finding no basis for incarcerated plaintiff's fear that he would not be able to pay for
22 hygiene items and postage unless costs were re-taxed).

23                                   CONCLUSION

24 IT IS HEREBY ORDERED that the motion to review the Order Taxing Costs is
25 DENIED. (Doc. # 237).
26 DATED: June 11, 2010

27
                                            *William Q. Hayes*
                                         **WILLIAM Q. HAYES**
28                                       United States District Judge